**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Carol Carter, et al.,** ) | **CASE NO. 1:15 CV 1545** |
| ) | |
| **Plaintiffs,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| Vs. ) | |
| ) | |
| **PJS of Parma, Inc., et al.,** ) | **Memorandum of Opinion and Order** |
| ) | |
| **Defendants.** ) | |

## INTRODUCTION

This matter is before the Court upon Plaintiff's Motion for Conditional Certification, Expedited Opt-In Discovery, and Court Authorized Notice. (Doc. 11)  This case arises under the Fair Labor Standards Act.  For the reasons that follow, the motion is GRANTED to the extent set forth herein.

## FACTS

Plaintiffs, Carol Carter, Destiny Armelli, Mary Heuser, Carrie Hejduk, Judith Lauber, Dawn Melvin, Jeannette McDaniel, Melanie Moyers, Stephanie Sir Louis, Jennifer Welz, and Jenny Zellers, bring this lawsuit on behalf of themselves and other similarly situated individuals

against defendants PJS of Parma, Inc. and Lorranie Stancato (collectively, "defendants"). Defendants own and operate Stancato's Italian Restaurant, which maintains a dining room and also engages in off-site catering. The named plaintiffs are former employees of defendants and all worked as servers in some capacity.

Some plaintiffs worked as "Dining Room Servers." According to the complaint, these employees were paid with a tip credit, which allowed defendants to pay Dining Room Servers an amount less than "the normal" minimum wage. These plaintiffs claim, however, that defendants required them to pool their tips and share them with employees who do not customarily receive tips. Yet, defendants did not remit the tips to these employees. Rather, defendants retained the money and used it to pay wages. Plaintiffs also allege that defendants maintained a tip bowl and that lunch servers were required to place their tips in the bowl. Plaintiffs claim that defendants used these funds for operating expenses and a portion of the money was placed in the cash register. On Easter Sunday, the Dining Room Servers were also required to pool their tips with salaried managers.

Other plaintiffs worked as "Banquet Servers." These plaintiffs also allege that they were paid an amount less than the "normal" minimum wage. Banquet customers were charged either a mandatory gratuity or mandatory service charge. Defendants then added an additional flat rate sum to the Banquet Servers' paychecks, which was entitled "Banquet Tips." Plaintiffs, however, did not receive the entire amount of the tip left by the customer. In addition to the mandatory service charge, customers often left additional tips for the servers. These tips were pooled and defendants often kept a portion of the tips for themselves. Defendants required plaintiffs to inform a manager if a customer left a large tip. Defendants then contacted the customer and

encouraged the customer to substantially reduce or eliminate the tip.  Ultimately, defendants informed the Banquet Servers that the customers "changed their minds," but, in reality, defendants simply retained the tips.

Thereafter, plaintiffs filed this lawsuit, which contains four claims for relief.  Count one is a claim for failure to pay minimum wages under the FLSA and Ohio law.  Counts two and three are claims for conversion and unjust enrichment, respectively.  Count four is a claim for tortious interference with business relations.  Plaintiffs move for conditional certification under the FLSA with respect to count one.[1]  Defendants oppose the motion in part.

**ANALYSIS**

1. Conditional certification

"Section 216(b) establishes two requirements for a representative action: 1) the plaintiffs must actually be "similarly situated," and (2) all plaintiffs must consent to participate in the action." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).  Courts employ a two-step analysis to determine whether plaintiffs are similarly situated.  *Id*.  The first step occurs at the beginning of discovery, while the second occurs after the opt-in forms have been received and discovery has closed.  *Id*.  During the first stage which typically takes place at the beginning of discovery, the standard for conditional certification is "fairly lenient."  Courts generally require only a "modest factual showing" that the plaintiff's position is similar to that of other employees. *Comer*, 454 F.3d at 546–47 (quoting *Pritchard v. Dent Wizard Int'l,* 210 F.R.D. 591, 595 (S.D. Ohio 2002)).

---

[1] Other motions are pending in this matter, including a motion for class certification filed pursuant to Rule 23.  Those motions are not yet ripe.

3

Plaintiffs ask the Court to conditionally certify a class consisting of all Dining Room Servers (and those who may only have worked on Easter Sunday) and all Banquet Servers. Plaintiffs argue that the complaint satisfies their low burden at this stage in the litigation. According to plaintiffs, they are all employees who were required to participate in defendants' "illegal tip-sharing and tip-pooling practices."

In response, defendants agree that conditional certification is appropriate for Dining Room Servers (including those that worked on Easter Sunday). Accordingly, the Court finds that conditional certification of a class consisting of plaintiffs with those job titles is GRANTED.

With regard to Banquet Servers, however, defendants oppose plaintiffs' motion. According to defendants, Banquet Servers are not paid in the same fashion as Dining Room Servers. Rather, unlike Dining Room Servers, Banquet Servers were not paid with a tip credit. Defendants further note that Banquet Servers were not subject to the "tip-out" policy that plaintiffs allege applied to Dining Room Servers. According to defendants, the claims asserted on behalf of Dining Room Servers are based on an entirely different set of facts than those on which the claims of the Banquet Servers are based. Defendants also argue at length that the manner in which they paid Banquet Servers does not violate the FLSA. In response, plaintiffs argue that defendants' comparison is not proper. According to plaintiffs, the Court should compare whether the claims of potential opt-in Banquet Servers are similar to the claims of a named plaintiff Banquet Server. Whether the claims of Banquet Servers are similar to the claims of Dining Room Servers is not relevant.

Upon review, the Court agrees with plaintiff. Defendants do not dispute that the claims of Banquet Servers are similar among all Banquet Servers. Thus, conditional certification is

4

appropriate. The Court finds, however, that certification of one class is not appropriate in that plaintiffs' own allegations indicate that Banquet Servers and Dining Room Servers were not subject to the same pay practices. Accordingly, the Court will certify two separate classes, one consisting of Dining Room Servers (including those that worked on Easter Sunday) and the other of Banquet Servers. *See, e.g., Walker v. Honghua America*, *LLC*, 870 F.Supp.2d 462, 472 (S.D. Tex. 2012)(certifying two classes in FLSA action). This is especially so because six of the named plaintiffs, *i.e.*, Carter, Armelli, Melvin, McDaniel, Moyers, Welz, and Zellers worked as *both* Banquet Servers and Dining Room Servers. The class of Dining Room Servers will include individuals working in the dining room at any time since August of 2012 and individuals that worked on Easter Sunday in 2015. The class of Banquet Servers consists of individuals working in the banquet room and off-site catering at any time during August 2012 through January 2014.[2]

    2. Notice

Plaintiffs provide the Court with a proposed Notice to be sent to prospective opt-in plaintiffs. Plaintiffs also ask the Court to order defendants to provide plaintiffs with contact information, including the names, last-known home addresses, home and mobile telephone numbers, email addresses, and dates of employment for potential opt-in plaintiffs. In response, defendants request that the Court limit the information to names, last-known home addresses, and dates of employment. Defendants claim that home and mobile telephone numbers and email addresses are unnecessary. According to defendants, the Court should order that notice of this

---

[2]     It appears that defendant changed its wage policy with respect to Banquet Servers after January of 2014. *See* Doc. 16 at ¶ 11.

action be sent only once, by first class mail to the last known address of the potential opt-in plaintiffs.  Although filing a reply brief, plaintiffs do not respond or object to defendants' suggestion.  Upon review, the Court agrees with defendants.  Plaintiffs have not demonstrated any need at this time for access to the home and mobile telephone numbers and email addresses of potential opt-in plaintiffs.  And, as defendants suggest, the Court finds that it is appropriate to send notice to opt-in plaintiffs only once by United States mail.[3]

Defendants indicate that they have some objection regarding the wording of the proposed notice and request that the Court order the parties to meet and confer regarding the specific language.  In the reply brief, plaintiffs indicate that they are willing to work with defendants regarding these issues.  Accordingly, the parties are hereby directed to meet and confer regarding the contents of the notice and provide the Court with a joint notice for approval.

**CONCLUSION**

For the foregoing reasons,  Plaintiff's Motion for Conditional Certification, Expedited Opt-In Discovery, and Court Authorized Notice is GRANTED as set forth herein.

IT IS SO ORDERED.

                                                             /s/ Patricia A. Gaughan
                                                            PATRICIA A. GAUGHAN
Dated: 12/17/15                     United States District Judge

---

[3] Defendants also request that the Court restrict plaintiffs and their counsel from using the personal data for any purpose other than sending notice of this litigation.  Defendants also ask that the Court limit plaintiffs and their counsel from communicating with potential opt-in plaintiffs except for the one-time issuance of notice.  Plaintiffs do not oppose this request.  Accordingly, the Court agrees with defendants' requested restrictions.