UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Carol Carter, et al.,** | ) | **CASE NO. 1:15 CV 1545** |
| | ) | |
| Plaintiffs, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **PJS of Parma, Inc., et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon Defendants' Motion for Judgment on the Pleadings regarding plaintiffs' unjust enrichment claim relating to the post-January 2014 Banquet Servers (Doc. 21). In its April 4, 2016 Order addressing defendants' motion, the Court asked the parties to submit further briefing on this claim.[1] For the reasons that follow, plaintiffs have stated a claim for unjust enrichment with respect to the post-January 2014 Banquet Servers. Thus, defendants' motion is DENIED in its entirety with respect to Count III.

Defendants argue that the claim for unjust enrichment by the post-January 2014 Banquet Servers fails on the merits because defendants did not pay the servers with a tip credit and, thus, under FLSA, the defendants had the right to retain the entire amount of any tip from banquet

---

[1] Familiarity with the Court's Order of April 4, 2016 is assumed.

customers. In support, defendants cite two cases from the District of Utah that rejected claims of unjust enrichment in similar situations. (*See* Defs.' Mot. at 12-13; Reply Br. at 13) (citing *Stephenson v. All Resort Coach, Inc.*, 2013 WL 5419781, at * 9 (D. Utah Aug. 26, 2013); *Brueningsen v. Resort Express Inc.*, 2015 WL 339671, at *9 (D. Utah Jan. 26, 2015)). According to these cases, FLSA "only prohibits an employer from retaining a portion or all of the tips if the employer pays a tipped employee less than the federal minimum wage and takes the tip credit, unless there is a valid tip pool.  Thus, an employer is not prohibited from retaining an employee's tips if the employer does not take the tip credit." *Brueningsen*, 2015 WL 339671, at *4 (analyzing § 203(m) of FLSA).[2] With respect to the plaintiffs' common law claims, both courts held that the claims depended on the plaintiffs' ability to show that they were entitled to the tips. *Stephenson*, 2013 WL 5419781, at * 9; *Brueningsen*, 2015 WL 339671, at *9. According to *Stephenson*, "[t]he only alleged entitlement to these tips derives from the FLSA." *Id.* But because the employers paid the employees the minimum wage and did not utilize a tip credit, the plaintiffs failed to show that they were entitled to tips under FLSA, and their common law claims therefore failed. *Id.*; *Brueningsen*, 2015 WL 339671, at *9.

---

[2]   *Stephenson* and *Brueningsen* both relied on the Ninth Circuit's decision in *Cumbie v. Woody Woo, Inc.*, 596 F.3d 577, 581 (9th Cir. 2010), which held that an employer is not prohibited by FLSA § 203(m) from retaining an employee's tips when the employer does not take a tip credit. After *Cumbie*, the Department of Labor issued a regulation stating that "[t]ips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA." 29 C.F.R. § 531.52 (2011). In February, the Ninth Circuit held that this regulation was a valid exercise of the Department of Labor's authority. *Oregon Restaurant and Lodging Assoc. v. Perez*, 2016 WL 706678 (9th Cir. Feb. 23, 2016). The district court in *Brueningsen* declined to reconsider its holding that the employer has a right to retain tips if it does not take a tip credit in light of *Perez*. *Brueningsen v. Resort Express Inc.*, 2016 WL 1181683, at ** 2-5 (March 25, 2016).

Plaintiffs, however, argue that for purposes of a state-law unjust enrichment claim, the servers' ownership interests in the tips is not dependent on FLSA. Plaintiffs cite *Williams v. Jacksonville Terminal Co.*, 315 U.S. 386, 388 (1942), in support. In *Williams*, the Supreme Court stated that "[i]n businesses where tipping is customary, the tips, in the absence of an explicit contrary understanding, belong to the recipient. Where, however, [such] an arrangement is made ..., in the absence of statutory interference, no reason is perceived for its invalidity." *Id.* at 397. In *McCullum v. McAlister's Corp.*, for example, the court relied on *Williams* in denying a motion for summary judgment on the plaintiffs' unjust enrichment claim because genuine issues of material fact existed as to whether the plaintiffs entered into an explicit agreement to turn their tips over to the defendant. 2010 WL 4064309, at * 1 (E.D. La. Oct. 14, 2010). In doing so, the court noted that "the general principal [*sic*] that tips belong to the recipient is not depende[nt] upon the application of the FLSA, and comports with the common understanding and intent of tipping." *Id.* at *1 n.2.

Plaintiffs further note that other courts, even when not relying on *Williams*, have similarly held that a plaintiff's allegation of ownership rights in tips left by customers are sufficient to withstand a motion to dismiss unjust enrichment or other common law claims. *See, e.g., Marin v. AIDA, Inc.*, 992 F. Supp. 2d 913, 915 (W.D. Ark. 2014) (granting default judgment on conversion claim and holding that allegation that plaintiff owned tips that customers left for his service, taken as true, was sufficient to show that he was entitled to retain his tips); *Kyne v. Ritz-Carlton Hotel Co., L.L.C.*, 835 F. Supp. 2d 914, 933 (D. Haw. 2011) (denying motion to dismiss unjust enrichment claim where plaintiffs alleged that defendant "assessed and partially retained a service charge ... which customers expect and intend to be distributed to Plaintiffs,

result[ing] in unjust[] enrich[ment to] Defendant").

Upon review of the parties' submissions on this issue, including the parties' supplemental briefing, the Court finds that the cases plaintiffs rely on are more persuasive than *Stephenson* and *Brueningsen*. *Stephenson* did not cite any authority for its statement that the plaintiffs' entitlement to the tips came from FLSA, nor did either case acknowledge *Williams*. Indeed, based on *Stephenson's* language–"[plaintiffs'] ***only alleged*** entitlement to ... tips derives from the FLSA"–it appears that the plaintiffs' own complaint stated that their ownership interests in the tips derived from FLSA. By contrast, plaintiffs here do not allege that their entitlement to the tips is based on FLSA This Court agrees with *McCullum* that a plaintiff's entitlement to tips on a common law unjust enrichment claim is not dependent upon the application of the FLSA. Thus, while the Department of Labor's regulation in 29 C.F.R. § 531.52 that "[t]ips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA" supports plaintiffs' position, the Court need not address at this time the validity of § 531.52.

Rather, the only question is whether plaintiffs have adequately alleged a claim for unjust enrichment under Ohio law. To state a claim for unjust enrichment, a plaintiff must allege: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment ('unjust enrichment')." *Filo v. Liberato*, 987 N.E.2d 707 (Ohio Ct. App. 2013). Here, in support of their unjust enrichment claim, plaintiffs allege that they conferred a benefit upon defendants with defendants' knowledge by giving excellent service to the customers, which caused those customers to leave additional tips and gratuities and created repeat business for Defendants. They further allege that "[t]here was a clear understanding

4

between Defendants, Plaintiffs, the members of the class, and the customers that the additional tips and gratuities ... belonged solely to Plaintiffs and the members of the Class, and there was no arrangement by which Plaintiffs and the members of the Class agreed to turn over those tips and gratuities to Defendants." Finally, they allege that, because plaintiffs were the intended recipients of the additional tips and gratuities, defendants' retention of the additional tips and gratuities is unjust.

These allegations are sufficient to state a claim for unjust enrichment. Specifically, with respect to the only element at issue in defendants' motion–whether defendant retained the tips under circumstances that would be unjust–plaintiffs allege that the tips belonged solely to them and that there was no agreement to turn the tips over to defendants. This sufficiently alleges that plaintiffs had an ownership interest in the tips and that defendants' retention of the tips was therefore unjust. Plaintiffs' allegations are distinguishable from the allegations by the plaintiff in *Holland v. Levy Premium Foodservice Ltd. P'ship*, 469 F. App'x 794 (11th Cir. 2012), which defendants cite in support of their motion. There, the plaintiffs alleged only that the defendant's retention of a service charge was unjust, which the court held was a legal conclusion rather than an allegation of fact and therefore insufficient to defeat a motion to dismiss. *Id.* at 797. Here, plaintiffs have done more than allege a "naked assertion devoid of further factual enhancement." *Id.* (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949, (2009))**.**

IT IS SO ORDERED.

                                            /s/ Patricia A. Gaughan
                                            PATRICIA A. GAUGHAN
Dated: 4/22/16                          United States District Judge